REDMANN, Judge.
Plaintiff appeals from the dismissal of his suit for damages resulting from an automobile collision.
Alleging negligent driving by one Hugo Dermody, believed to be a minor, and that Joseph Dermody is the father of Hugo, and that State Farm Mutual Automobile Insurance Company insured the car, plaintiff made these three parties defendants.
Service of process was made on Hugo Dermody at 2229 South Gayoso street by leaving citation and copy of petition with “his father”. Service on the insurer was made through the Secretary of State. Apparently no service was requested or made on Joseph Dermody. The only answer filed was that of the insurer.
At trial plaintiff attempted to show by cross-examining Joseph Dermody, the named insured, that the minor driver either was a resident of the named insured’s household or had his permission to drive. Joseph Dermody’s testimony is impeached in some instances and suspicious in others. But it is all that plaintiff could obtain to try to prove his case. Plaintiff had been unable to locate Hugo Dermody, and Joseph Der-mody was of no assistance in that effort.
Hugo (born Hugo Enrique Pineda de Leon, in Guatemala in 1948) was brought to this country by Dermody in 1962 and was a resident of his household at least until 1965. Dermody testified that Hugo left that household in 1965, and that testimony is corroborated by the testimony of Jose Mendez, another Latin American youth residing with Dermody since 1964. The accident occurred in 1967. There is evidence, even from Dermody, that Hugo regularly receives mail from his family and others at Dermody’s address. And, as noted, citation on Hugo was received by “his father” at that address. And plaintiff’s counsel’s secretary testified she called Der-mody’s residence telephone number, asked for Hugo and then spoke with someone who identified himself as Hugo. Yet Dermody insists he has had the police physically evict Hugo at least three times, and has ordered the other youths who live with him not to allow Hugo to enter the house.
On permission, Dermody testified he never permitted Hugo to drive his car except on one occasion to obtain a driver’s license when Dermody was with him. Hugo had his own car, according to Dermody. Many times Hugo stole Dermody’s car and Dermody had to have it recovered by the police. But, Dermody testified, the police offered him the choice of filing charges or forgetting the thefts, and he elected not to prosecute Hugo. We cannot say, as a *82 matter of law, that Dermody’s failure to prosecute Hugo amounts to an implied permission to Hugo to use the car. And Der-mody denies actual permission, asserting he was out of the state'at the time of the accident.
“In accordance with the general rules which relate to the burden of proof in other civil actions on contracts, the burden in an action on an insurance contract is on a plaintiff to establish every fact in issue which is essential to his cause of action or right of recovery, including the existence of the policy sued upon, its terms and provisions, and that his claim is within its coverage.” Boyd v. White, 123 So.2d 835, 839-840 (La.App.1960), cert, denied.
It is up to plaintiff to prove coverage; it is not the insurer’s burden to prove lack of coverage.
For plaintiff to prove coverage under the terms of the insurance policy here, he must show either that Hugo was a member of Dermody’s household, or that he was using the car with Dermody’s permission.
It simply cannot be said that the evidence proves either of these. Dermo-dy’s testimony to the contrary may not be very persuasive, but even assuming we might reject that testimony, there is no other evidence which would prove coverage. We cannot make an insurer pay because of suspicion.
We therefore must affirm the judgment dismissing plaintiff’s action against the insurer. But, apparently by oversight, the judgment erroneously dismissed plaintiff’s action against Dermody, who neither was cited nor waived citation in writing, C.C.P. art. 1201, and against Hugo, who presumably had no procedural capacity, C.C.P. art. 732; and in any case neither answered, see C.C.P. art. 1571, nor was a (preliminary) default taken against either, C.C.P. art. 1701.
We therefore conclude that the judgment appealed from must be and it is annulled insofar as it dismissed plaintiff’s suit as against Joseph Dermody and Hugo Der-mody (Hugo Pineda) ; and insofar as it dismisses plaintiff’s suit against State Farm Mutual Automobile Insurance Company and in all other respects, it is affirmed.
Affirmed in part; annulled in part.