284 So.2d 817 (1973)
Florence FREIRE, wife of and Henry Freire, et al.
v.
Eunice L. WILES et al.
No. 5728.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Melvyn J. Perez, Manuel A. Fernandez, G. Frederick Seemann, Chalmette, for plaintiffs-appellants.
David L. Campbell, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, for defendants-appellees.
Before BAILES, FLEMING and BRADLEY, JJ. Pro Tem.
*818 ROBERT M. FLEMING, Judge Pro Tem.
On July 1, 1970, Florence Freire et al. sued Eunice Wiles for damages resulting from an automobile accident. It was alleged that Mrs. Wiles was the driver of the offending vehicle with the permission and as an agent or employee of the Ford Motor Company. Ford Motor Company and its insurer were joined as defendants.
Mrs. Wiles was never served nor cited to appear and answer the petition. She made no appearance in the case except that (1) in August 1970 the attorney for the appellees filed a motion on her behalf and that of the other defendants to extend the time in which to plead and (2) she testified as a witness at the trial.
Ford Motor Company and its insurer filed a general denial to the petition as to insurance coverage. Article VII of the answer said:
"Defendants admit that at the time of this accident Insurance Company of North America had issued to Ford Motor Company a policy of insurance; said policy is a written contract between the parties and constitutes the best evidence of its contents; defendant, Insurance Company of North America pleads all the terms, conditions, limitations and provisions of said policy; defendants deny the remainder of the allegations of Paragraph VII of plaintiffs' petition."
Counsel for the appellees requested that a subpoena issue to Mrs. Wiles in order that her testimony would be taken as a witness at the trial for the defendants. It was served on her but the trial was postponed. She did appear subsequently and testified as a witness when the case was tried on the merits.
For written reasons, the trial judge found that since Mrs. Wiles was never served, no judgment could be rendered against her and that:
"The Court is of the opinion that plaintiffs have completely failed to prove, by any evidence whatsoever, that either Ford Motor Company was the owner of the automobile; had knowledge of its use by Eunice L. Wiles, or that Eunice L. Wiles was either an employee or an agent of Ford Motor Company; or that Insurance Company of North America had a policy of insurance covering Ford Motor Company."
Judgment was rendered in favor of Ford Motor Company and its insurer and against the plaintiff. The judgment was properly silent as to Mrs. Wiles. Earhardt v. Dermody, 242 So.2d 80 (La.App. 4th Cir. 1970).
The appellant contends that the lack of citation was cured by Mrs. Wiles physical appearance at the trial as a witness and that this is a "general appearance" under Code of Civil Procedure art. 7; that as Mrs. Wiles did appear judgment should have been rendered against her because of her negligence and since Ford Motor Company and its insurer admitted the existence of a policy, they should be cast in judgment.
The district court rejected these three contentions and it was manifestly correct. The mere physical presence of a party in the courtroom or on the stand during the trial does not constitute an appearance within the meaning of C.C.P. art. 7. Article 7 provides:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
"(1) Entry or removal of the name of an attorney as counsel of record;
"(2) Extension of time within which to plead;
"(3) Security for costs;
"(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or

*819 "(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant. "This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
"When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance."
When article 7 calls for a general appearance this means by filing a pleading or some other entry into the case. The filing of a motion for an extension of time within which to proceed is explicitly not a general appearance.
C.C.P. art. 1201 establishes the absolute necessity of citation of service when it states that "* * * Without them all proceedings are absolutely null". The courts have had several occasions to conclude that physical appearance does not mean a general appearance. In the case of Aycock v. Miller, 18 So.2d 335 (La.App. 2nd Cir. 1944), the court said:
"* * * Appearance in court does not mean personal appearance, it means appearance by having filed an exception or an answer or other pleading. Defendant might attend court every day and if he did not file either an exception, answer or some other plea, he would not have appeared and default, could be entered and confirmed against him. On the other hand, he might never attend court, but if he had filed an answer in the clerk's office within the delays allowed by law, he would have appeared and default could not have been entered against him."
See Johnson v. Robottom's Mortuary, 258 So.2d 666 (La.App. 4th Cir. 1972).
Thus, under the jurisprudence and laws of this state an appearance as found in C.C.P. art. 7 does not mean physical presence but in fact means formal entry into the litigation by the filing of pleadings or by service of citation upon the defendant. Since Miss Wiles was not served and filed no pleadings the trial court had no jurisdiction over her and was correct in not rendering judgment for or against her. See Earhardt v. Dermody, supra.
It is not necessary to discuss the negligence of Miss Wiles in view of the finding that she is not before this court. There is not any evidence at all to show that the Ford Motor Company owned the car which Miss Wiles was driving nor that Miss Wiles was an employee or agent. Except for the naming of Ford Motor Company and its insurer as parties the record is silent as to any liability on their part.
Appellants argue that in paragraph VII of the answer Ford Motor Company and Insurance Company of North America admitted coverage and responsibility. This is incorrect. Insurance Company of North America admitted that it had issued a policy of insurance to the Ford Motor Company but they denied that Ford Motor Company was responsible in any way for the accident. It simply does not matter whether Ford Motor Company was insured or not since they are without liability in these proceedings.
For the foregoing reasons, the judgment of the lower court is affirmed. All costs to be borne by appellants.
Affirmed.