C. WILLIAM BRADLEY, Judge Pro Tem.
On May 22, 1969, at approximately 4:00 p. m., a vehicle owned and operated by Yvette Badger was struck from the rear by a vehicle driven by Frank M. Maselli.
Louise Pierson Marshall, a guest passenger in the Badger vehicle, filed an action for damages against Frank M. Maselli; his father, Joseph Maselli; Travelers Insurance Company, the insurer of the vehicle being operated by Frank M. Maselli; and Government Employees Insurance Company, the insurer of the Badger vehicle.
The trial court rendered judgment in favor of plaintiff and against all defendants. Government Employees Insurance Company devolutively appealed from the judgment. We affirm.
Appellant raised three issues on appeal:
Firstly, there was not sufficient evidence to prove Yvette Badger guilty of negligence proximately causing the accident.
*807 Mrs. Marshall testified that she and the driver were going along, talking, when suddenly the driver was stopping the vehicle and it was struck from the rear.
Frank Maselli was traveling about a car’s length behind the Badger vehicle at about fifteen miles per hour when the Badger vehicle sharply stopped or slowed and he could not avoid the collision.
Appellant offered no evidence to controvert the testimony of Louise Marshall and Frank M. Maselli even though Yvette Badger was present in court.
Pretermitting the presumption raised by failure of Yvette Badger to testify, there was still sufficient uncontroverted evidence to allow the trial court to find the sudden stopping of the Badger vehicle without signal to be negligence and a proximate cause of the accident.
Secondly, there was no evidence that Government Employees Insurance Company was the insurer of the Badger vehicle on the date of the accident.
Paragraph IX of plaintiff’s petition averred that appellant was the liability insurer of Yvette Badger in the accident complained of. Paragraph IX of appellant’s answer stated:
“9. It admits the existence of a policy of insurance which describes the Badger automobile . . . . ”
A pleaded fact need not be proved. The admission by appellant that such a policy had been issued shifted the burden of proof to appellant to prove that no liability existed under the acknowledged policy: Hanford v. Jan C. Uiterwyk Co., 214 So.2d 236 (La.App.1968); Masaracchia v. Inter-City Express Lines, 162 So. 221 (La.App. 1935). Appellant failed to prove this.
Thirdly, the award for damages was excessive.
Mrs. Marshall suffered a cervical strain. The medical evidence as to severity and duration is ample to support the award made herein. We find no abuse in the discretion vested in the trial court in its assessment of damages.
The judgment is affirmed.
Affirmed.