SARTAIN, Judge.
This is a suit for damages instituted by plaintiff, Lloyd Stewart, against defendant, Liberty Mutual Insurance Company, the alleged insurer of U.S. Plywood Corporation. The trial judge rendered judgment in favor of plaintiff in the amount of $10,000.00 and defendant brings this appeal. We reverse.
The record shows that plaintiff, in his original petition, alleges damage to a pond situated on his property sustained as a result of the operation and activities of U.S. Plywood Corporation. It is further alleged that defendant Liberty Mutual Insurance Company was the insurer of U. S. Plywood Corporation at the time of the incident. Defendant Liberty Mutual Insurance Company is the only defendant in the suit since plaintiff did not join the alleged insured.
Defendant Liberty Mutual Insurance Company in its answer denied all of plaintiff’s allegations and asked that plaintiffs claim be dismissed. On appeal defendant maintains its contention that the suit be dismissed on grounds that plaintiff has failed to prove any contract of insurance between defendant and U.S. Plywood Corporation.
It is a basic and fundamental requirement that the plaintiff bears the burden of proving the insurance coverage upon which his claim is based by a preponderance of the evidence. Turner v. Ewing, 255 La. 659, 232 So.2d 468 (1970). After a careful perusal of the record we find no evidence to establish liability on the part of defendant Liberty Mutual Insurance Company.
Defendant has consistently denied that it was the liability insurer of U.S. Plywood and no policy was produced at trial to contradict this denial. Thus we are compelled to conclude that plaintiff has failed to carry his burden of proof.
For the above and foregoing reasons the judgment of the trial court in favor of plaintiff is reversed and judgment is hereby rendered in favor of Liberty Mutual Insurance Company dismissing plaintiff’s suit.
All costs of these proceedings are assessed against plaintiff-appellee.
Reversed and rendered.