JONES, Judge.
Defendants appeal a trial court judgment awarding $1550 to plaintiff as damages arising out of a vehicular collision. As modified, we affirm.
Alfred Richardson was driving south on Louisiana Highway 510 in DeSoto Parish at approximately 9:45 A.M. The asphalt road was wet and slick from an earlier rain and it was still misting. As he entered a curve going to his right he met a northbound Louisiana Department of Highways dump truck driven by Marlin T. Short. A collision occurred with both Richardson and Short claiming the cause of the accident was the other party encroaching on his lane of travel. As a result of the collision, Richardson’s vehicle was forced completely off the paved surface on his side of the road. It came to rest with only the front wheels on the pavement, and the vehicle at a right angle to the road. The Department of Highway’s dump truck spun 180 degrees and came to rest facing back the way it had come, on Richardson’s side of the road and completely off the paved surface. Richardson suffered some minor physical injuries. His car had extensive body damage along the driver’s side of the car. There were no witnesses to the accident other than the drivers.
Defendants first claim the trial judge erred in considering personal knowledge not properly in the record, and in finding the evidence supported Richardson’s version of the accident.
In his reasons for judgment, the trial judge stated he was familiar with the location of the accident and that the slope of the road at that location would cause a driver in Short’s lane of travel to tend to encroach upon the the other lane. However, we need not decide whether this indicates the trial judge improperly used knowledge of facts not in the record as we find the position of the vehicles after the accident, the photographs in evidence, the testimony of Leether Demease, who stated she observed glass (indicating the point of collision) near the edge of the paved surface on Richardson’s side of the road, and the testimony of plaintiff will amply support the trial court’s finding that Short’s truck encroached upon Richardson’s lane of travel.
Defendants also complain the award of $1000 to Richardson for pain and suffering was excessive in light of his minimal medical expenses. The evidence shows Richardson suffered a small hematoma on his scalp causing headaches and dizziness, and muscle strains in his back and shoulders. He received shots of muscle relaxant on several occasions and was referred to Charity Hospital for possible head injuries. While an award of $1000 may be somewhat high, it is still within the broad discretion of the trial court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Travelers Insurance Company also complains the trial court erroneously awarded judgment against it, in light of the total absence from the record of any evidence of the existence of insurance coverage. In his petition Richardson alleged Travelers was the insurance carrier for the Department of Highways. Travelers responded with a general denial, and further stated the policy of insurance is the best evidence of its contents and provisions. The insurance policy was never introduced into evidence. In this situation, the lower court should not have held Travelers liable. Earhardt v. Dermody, 242 So.2d 80 (La.App., 4th Cir. 1970); Stewart v. Liberty Mutual Insurance Company, 315 So.2d 337 (La.App., 1st Cir. 1975).
For the foregoing reasons, we modify the judgment of the trial court to reject plaintiff’s demand against Travelers Insurance Company and recast the judgment as follows:
*987 It is ordered, adjudged, and decreed that the demands against Travelers Insurance Company are rejected;
It is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Alfred Richardson, and against the defendants, Marlin T. Short and the State of Louisiana, Department of Highways, in solido, in the sum of One Thousand Five Hundred Fifty and No/100 ($1,550.00) Dollars, together with seven percent (7%) per annum interest thereon from judicial demand until paid, defendants to pay all costs, including costs of this appeal.
Modified and affirmed.