BOUTALL, Judge.
We granted a writ of certiorari to determine the validity of a judgment overruling defendant’s exception of venue in a summary proceeding to establish support for a major child alleged to be physically, totally *276 incapacitated from doing any work of reasonable character.
The facts are that Paul Leo Thibodeaux, of lawful age and a resident of the Parish of Jefferson, seeks support from his father, Eugene Paul Thibodeaux, a resident and domiciled in St. Tammany Parish, due to physical incapacity to support himself. Previous child support had- been awarded as an ancillary to a divorce suit between the child’s mother and father, and this was terminated when the child became an adult, September 15, 1977. That suit had been filed in the Parish of Orleans, and the ancillary issue of alimony for the wife is still pending. The new suit was also filed in the Parish of Orleans, and because the child alleges himself to be a resident of Jefferson Parish and the defendant father is domiciled in St. Tammany Parish, there is no venue in Orleans Parish unless venue has been waived.
The first pleading filed by the elder Thi-bodeaux was a document entitled “Exception to Jurisdiction” alleging the defendant is domiciled in St. Tammany and must be sued at his domicile. It constitutes the declinatory exception of improper venue, C.C.P. Article 925(4) which shall be pleaded prior to answer. C.C.P. Article 928. The institution of child support may be sought by use of summary proceedings, C.C.P. Article 2592(8), which does not require an answer, C.C.P. Article 2593, and the exception was filed prior to the time of trial.
The issue here presented is whether the defendant’s actions have come within the waiver provisions of C.C.P. 925:
“When a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.”
The procedural posture of this case is that on the date the petition was filed, the judge signed an order to show cause on September 23,1977 why alimony should not be paid, and why petitioner should not be permitted to litigate in forma pauperis. The hearing date coincided with the hearing date set in the matter of the wife’s entitlement to alimony. Personal service was effected on September 21, 1977 and Eugene Thibodeaux with his attorney were present in court on the 23rd. The minute entry on that day showed only that both of the cases were continued to October 7th. Before the case was called on October 7th, the defendant filed his exception of improper venue. On that date, the exception was taken up and overruled. The trial judge gave the following oral reasons:
“This matter was originally set for September 23, 1977 and it was continued to October 7th, 1977. For what reason my records do not reflect. I think an appearance has been made and I take the position a general appearance has been made and therefore Mr. Villere has waived the jurisdiction. Mr. Villere strenuously opposes that, indicating he really in effect has made no appearance whatsoever and therefore has not submitted himself to the jurisdiction. I do this for the purpose so he will take writs to the Court of Appeal to determine this issue. Is that right?”
* if! * * * *
“THE COURT:
“Let the record reflect that on the 23rd of September, 1977 both lawyers were in the courtroom and present but the matter was not presented for trial and I did not hear anything.
“MR. REED:
“The Court continued the case, if I recall, because of the press of his docket. “THE COURT:
“He says because of the press of my docket, it is probably true.”
We cannot agree that the defendant has made an appearance as would constitute a waiver of his right to except as provided in C.C.P. Article 925. First we refer to the provisions of C.C.P. Article 7 which defines for such purposes what is meant by general appearance. We note that the defendant herein has done nothing which would constitute a general appearance. Had the defendant moved for a con *277 tinuance, he would have sought relief other than the enumerated items mentioned, and would have made a general appearance. Karno v. Louisiana Tax Commission, 233 So.2d 592 (La.App. 4th Cir., 1970). But the defendant in this case did nothing. He and his attorney were simply present in court and the mere presence in court does not constitute a general appearance. Freire v. Wiles, 284 So.2d 817 (La.App. 4th Cir. 1973). The plain wording of Article 7 only considers the party to make a general appearance when “he seeks therein any relief other than * * As we stated in Freire, when Article 7 calls for a general appearance this means by filing a pleading or some other entry into the case. Respondent has referred us to the case of Stanley v. Jones, 197 La. 627, 2 So.2d 45 (1941) as authority supporting his contention that agreement to a continuance showed intention to submit to the jurisdiction of the court, claiming this to be an act of the defendant constituting a general appearance. It is difficult for us to perceive that agreeing to not take up a case has the effect of agreeing to in effect take up the ease. But our record does not even show such an agreement. It simply shows that the court announced that because of the press of business, the case would not be taken up but would be continued. Had the defendant then objected and presented his objections to the court, perhaps he might have been considered as actively seeking relief other than that enumerated in Article 7, unless he accompanied with it his exception of improper venue.
Under the facts of this case, there has been no general appearance and waiver of the right to file exception of improper venue. The exception was timely filed and should have been maintained. The prayer of the exception was for dismissal of the suit, but we note that C.C.P. Article 932 provides not only for dismissal in a case such as this, but also that the court may transfer the action to a proper court in the interest of justice. Accordingly, we reverse the judgment of the trial court and enter judgment herein maintaining the declinato-ry exception of improper venue and remand this matter to the trial court for the entry of a dismissal or for a transfer to a proper court in accordance with C.C.P. Article 932.

REVERSED AND REMANDED.