377 So.2d 1376 (1979)
James H. RAWLS
v.
Harry DAMARE et al.
No. 10526.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1979.
Writ Refused February 8, 1980.
*1377 Ralph E. Orphys, James David McNeill, New Orleans, for plaintiffs-appellants.
Hammett, Leake, Hammett, Hulse & Nelson, Craig R. Nelson, John A. Stewart, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, BEER and GARRISON, JJ.
GULOTTA, Judge.
James Rawls appeals from a directed verdict, in a jury case, dismissing his executive officers suit against American Motorist Insurance Corporation. Rawls claims the trial judge erred in three particulars: (1) In denying Rawls the right to cross examine a named defendant, who was never served but who appeared at trial; (2) in refusing to re-open the matter before argument had begun, to afford plaintiff an opportunity to offer evidence of insurance coverage; and (3) in sustaining defendant's motion for a directed verdict.
On July 10, 1974 Rawls, a maintenance supervisor for National Gypsum Company, was injured while making a monthly safety inspection with the safety supervisor and the personnel director. While descending a stairway between the second and third floors, Rawls fell and sustained serious back injuries. The stairwell was dimly lit, from dusty windows at the head of the stairs and a partially-glassed door and a window at the foot. There were two lights on the third floor which cast little light, if any, on the stairs. A further defect was that the handrail on the stairs ended four steps from the bottom, leaving a blank space on the left side. While descending the stairs, second in the line of the three inspectors, Rawls fell as his hand reached the end of the handrailing.
Rawls sued Harry Damare, who was the plant manager on the date of the accident, and American Motorist Insurance Corporation, the alleged liability insurer for National Gypsum Company's executive officers.[1] Damare was never served and the matter went to trial before the jury against only the alleged liability insurer. Rawls claims Damare was at fault in failing to remedy a dangerous condition caused by the unlighted and improperly-railed stairway.
*1378 The trial judge, in oral reasons for the directed verdict, pointed out that the suit was against the executive officer's insurer and that "no proof of existence of insurance" had been offered. He expressed concern that plaintiff had assumed the risk of foreseeable injury. The judge observed that plaintiff was on a safety inspection and "should have been conscious of the possible existence of deficiencies that would occasion him to exercise a greater degree of care commensurate with the degree of danger that might have been involved." Further plaintiff, along with others, had been delegated the authority of inspecting the premises. We conclude the trial judge did not err when he denied plaintiff's request to reopen the matter.
Denial of plaintiff's request to cross examine Harry Damare
Damare, who was manager of the plant on the date of the accident, was named as a party defendant but was never served. Damare, however, was present in the courtroom during the course of the trial. Plaintiff called Damare, under cross examination, as an adverse party, under LSA-C.C.P. article 1634. The trial judge sustained the insurer's objection. Plaintiff argues that Damare waived objections to service of process and submitted himself to the court's jurisdiction because he signed an affidavit in support of Plauche's motion for summary judgment, stating that he was the plant manager on the date of the accident.
We reject this contention. A court's jurisdiction over a defendant must be based either on service of process on that defendant or on the defendant's express or implied waiver of objection to jurisdiction. LSA-C. C.P. article 6. LSA-C.C.P. article 7 states that a defendant waives the objection when he seeks "any relief other than" those specific exceptions listed therein.[2]
In our case no service of process was made either on defendant or on an agent for him. His mere presence in the courtroom during trial did not constitute a general appearance and waiver. Freiere v. Wiles, 284 So.2d 817 (La.App. 4th Cir. 1973); Thibodeaux v. Thibodeaux, 355 So.2d 275 (La.App. 4th Cir. 1978). Moreover, we cannot construe the filing of an affidavit by a named but unserved defendant on behalf of another named but served defendant to constitute an implied waiver of objection to jurisdiction. Damare did not seek relief on his own behalf in making the affidavit; rather, he was in effect appearing as a witness on behalf of Plauche. In an analogous situation, this court recently held that the proprietor of a supermarket who attested to the correctness of an answer to interrogatories filed by an attorney on behalf of the supermarket did not waive any objection to lack of service or defective service on himself individually. Scariano Bros., Inc. v. Backhaus, 359 So.2d 1036 (La.App. 4th Cir. 1978). The cases cited by plaintiff are distinguishable. In those cases the defendants *1379 sought some relief in their own behalf. We conclude, therefore, that Damare did not make a general appearance. Thus, the trial judge was correct in refusing to allow plaintiff to cross examine Damare as an adverse party.
Refusal to reopen case after matter submitted.
One of the two executive officers named in this suit was dismissed earlier on a motion for summary judgment. The remaining executive officer was never served, so the matter went to trial against the alleged liability insurer only. The defendant insurer denied coverage in the pleadings; there was no pre-trial stipulation relating to coverage; and there was no testimony regarding coverage or the existence of an insurance policy. After both sides had rested, but prior to closing argument, defendant reiterated its request for directed verdict, basing the motion on plaintiff's failure to show negligence of the executive officers and failure to establish proof of coverage. Plaintiff requested a recess until the following day to obtain and to submit evidence of insurance coverage, but the trial judge denied the request.
The decision whether to reopen a case for production of additional evidence after all parties have rested is within the sound discretion of the trial court and, unless there has been a showing of abuse of discretion, the trial judge's decision will not be disturbed on appeal. Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970), writs denied, 256 La. 266, 236 So.2d 36; Producing Man. Co., Inc. v. Broadway Theater League, 288 So.2d 676 (La.App. 4th Cir. 1974).
The trial judge felt that reopening the matter merely to hear evidence of insurance coverage would not necessarily be helpful to plaintiff's cause. His evaluation of the evidence was that plaintiff had assumed the risk of foreseeable injury while engaged in his mission of inspection, and the judge doubted there had been proof that the executive officers violated any duty. The judge had before him testimony of the plant engineer stating that plaintiff was responsible for maintenance of the plant buildings; that plaintiff had authority to make any repairs or light installations he deemed necessary; that plaintiff had been delegated, in his managerial capacity, the responsibility of making safety inspections; that plaintiff had, on at least three or four occasions a year used the stairway in question; and that plaintiff had worked for National Gypsum for approximately twenty-one years, and had been in that particular plant since 1939.
Furthermore, for plaintiff to supply proof of coverage, it would have been necessary to carry the matter over as an open case. In addition, the defendant insurer's pleadings denying coverage had been filed into the record for several years, so that plaintiff certainly had ample time to prepare that aspect of his case.
From our evaluation of the testimony and the circumstances of the trial, we cannot say the trial court's assessment of the evidence was wrong. We conclude the trial judge did not abuse his discretion when he refused to reopen the matter.
Granting of Motion for Directed Verdict
At the conclusion of plaintiff's case, the trial judge denied defendant's request for directed verdict. After the defense had rested, however, and defendant reiterated its request, the court sustained the motion for directed verdict. The judge made this determination based partly upon a legal conclusion that plaintiff had assumed the risk of foreseeable injury, and partly on plaintiff's failure to show defendant violated a duty.
Although credibility determinations and evaluation of evidence are reserved to the jury, where virtually no factual dispute exists, no credibility determinations by the fact finder (i. e., the jury) are required. In such a circumstance, questions of existence of a duty, violation of that duty by defendant, and assumption of the risk or contributory negligence by plaintiff are legal questions, and certainly within the province of the judge.
*1380 The instant case illustrates this point. There exists no factual dispute about the circumstances surrounding the accident. There is some contradictory testimony about the amount of light in the stairwell; nevertheless, for purposes of the directed verdict, we may assume that plaintiff properly described the stairway as "dimly lit." The district judge acted within his discretion in rendering the directed verdict in favor of defendant, because that action was justified by the legal inferences to be deduced from the undisputed evidence. See 5A C.J.S. Appeal and Error Section 1671, page 644.
For the reasons above, we affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] Another executive officer made defendant, Ray Plauche, was dismissed by motion for summary judgment. No appeal has been taken from that judgment.
[2] LSA-C.C.P. article 7 reads as follows:

"Art. 7. Same; implied waiver of objections by general appearance.
Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him. When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance."