432 So.2d 298 (1983)
Harold G. PENDLETON
v.
SPARTAN BUILDING CONSTRUCTION and Liberty Mutual Insurance Company.
No. 82-CA-102.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 1983.
Irl R. Silverstein, Gretna, for plaintiff-appellee.
*299 Borrello & Huber, William R. Seay, Jr., Metairie, for defendants-appellants.
Before BOUTALL, CHEHARDY, and GRISBAUM, JJ.
GRISBAUM, Judge.
In this worker's compensation suit, defendant, Liberty Mutual Insurance Company, appeals from a judgment in favor of plaintiff, Harold G. Pendleton, awarding accrued compensation benefits as of the date of judgment, March 10, 1982, in the sum of $4030, together with interest from date of demand, the sum of $130 per week for the duration of plaintiff's disability, and all court costs. A supplemental judgment ordered defendant to pay the future medical expenses of the plaintiff as they accrue for the duration of his disability. We affirm.
Three issues are raised on appeal:
(1) Whether plaintiff's work-related accident on April 15, 1978 caused disability of a total and permanent nature?
(2) Whether the trial court erred in excluding defendant's vocational rehabilitation expert's opinion?
(3) Whether the trial court erred in denying defendant's motion for a directed verdict based upon defendants' contention that plaintiff had not proven insurance coverage?
FACTS
On April 15, 1978, while working for Spartan Building Corporation as a general laborer, plaintiff, Harold G. Pendleton, was injured as he shoveled around pilings. His injury was initially diagnosed as a lumbar strain in the general area in which he had a preexisting lumbar fusion. It is undisputed that during the time between 1975 (after his final fusion had healed) and the 1978 accident he worked regularly and was free of significant pain and discomfort. He received worker's compensation benefits from Spartan's worker's compensation insurer, Liberty Mutual, from April 15, 1978 to August 19, 1978. Prior to the August termination of benefits, plaintiff's treating physician discharged him in July 1978 recommending he not engage in strenuous occupational activities. However, in September 1978 plaintiff began to experience back pain again; this back pain has persisted to the present.
ISSUE ONE
The first issue is whether the work-related accident on April 15, 1978 caused disability of a total and permanent nature. In a worker's compensation suit, an employee must establish by a preponderance of the evidence there was a work-related accident causing the injury. The testimony as a whole must show that the employment accident, more probably than not, caused the disability. See, West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La. 1979). Moreover, an employee's disability is compensable if a non-disabling preexisting condition is activated or precipitated into disabling manifestations as a result of a work injury. Berry v. Livingston Roofing Co., 403 So.2d 1247, 1248 (La.1981); Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La.1977).
While conceding there was an accident within the meaning of the Louisiana Worker's Compensation Act, defendant contends this accident resulted in only a temporary disability from April 15, 1978 to August 19, 1978 for which worker's compensation benefits were paid. It contends plaintiff's reoccurrence of symptoms in September 1978 was not causally related to the accident at work but was caused by his wall paneling[1] activities in August 1978. The record, however, does not reflect plaintiff's assistance in wall paneling was an intervening cause of plaintiff's disability. The record indicates on plaintiff's July 12, 1978 visit to Dr. Marshall K. Book, his treating doctor, he reported he felt much better and had no complaints. At that time Dr. Book advised plaintiff he could return to work but plaintiff *300 should not engage in heavy construction or heavy manual labor. Dr. Book saw plaintiff again on September 13, 1978. At that time plaintiff was experiencing low back pain which had progressed in severity over the preceding three weeks. Dr. Book related this "reoccurrence" of back pain to plaintiff's assisting his brother in wall-paneling. He based his conclusion on the history given to him by plaintiff. That history consisted merely of plaintiff having stated he had helped in his brother's wall paneling activities. However, both plaintiff and plaintiff's brother testified plaintiff merely held a panel while his brother nailed the panel to the wall and did no lifting or cutting of the panels. When questioned on cross-examination concerning his wall paneling "accident", plaintiff emphatically stated there was no paneling "accident". Dr. Kenneth N. Adatto, an orthopedic surgeon, who examined plaintiff in October 1978 and in July 1981, in his deposition stated it was not uncommon for a person with plaintiff's back condition to have an asymptomatic period but then to have a flare up of the problem. In October of 1978 Dr. Adatto asked plaintiff if he had experienced any "new trauma" since his April 15, 1978 job-related accident, and plaintiff reported that he had not. Moreover, when questioned on the issue of causation, Dr. Adatto responded,
"It is more of a legal question than a medical question ... I don't know the answer to that. Obviously you can wallpaper without using your back ... You don't have to stoop or bend or lift heavy objects, so it's of these you have to ask the patient and Dr. Book that one."
Defendant argues that the trial court should have given greater weight to Dr. Book's testimony concerning a reoccurrence of the back condition as a result of wall paneling activities in August rather than plaintiff's testimony and the testimony of Dr. Adatto. When a defendant asserts contributing causes other than the alleged compensable accident, the burden of such proof rests with the defendant. Hull v. Liberty Mutual Insurance Company, 236 So.2d 847, 852 (La.App. 1st Cir.1970). Our consideration of the medical and lay testimony brings us to the conclusion that plaintiff's disability was caused by his job-related accident on April 15, 1978 rather than his wall paneling activities in August 1978. Defendant did not carry its burden of proving the wall paneling activities caused a reaggravation of plaintiff's symptoms. Only Dr. Book related plaintiff's disability to wall paneling. Plaintiff's testimony contradicted this. We note the trial court is in the best position to evaluate the credibility of the claimant and reach a factual conclusion based upon all the evidence, lay and medical. See, Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743, 748-749 (La.1975). Plaintiff stated there was no wall paneling "accident". Apparently, the trial court accepted his statement as true and concluded, as a matter of fact, that plaintiff's work-related accident caused his disability.
Defendant also questions the trial court's finding of the extent of plaintiff's disability. The question for our consideration is whether plaintiff is unable "to engage in any gainful occupation for wages" within the meaning of La.R.S. 23:1221(2) and thus should receive compensation for permanent total disability. Defendant contends even if plaintiff's disability is causally related to the April 15, 1978 accident at work, any finding of disability must be classified under La.R.S. 23:1221(4)(p) as a permanent impairment of the usefulness of a physical function. Defendant relies on Dr. Book's evaluation of plaintiff's disability as ten percent permanent physical impairment and loss of physical function as a whole body impairment rating. It argues even Dr. Adatto found only 25 percent impairment. It urges there was no medical testimony supporting plaintiff's allegation of total permanent disability.
Whether pain is substantial enough to be disabling is ordinarily not a medical question but an issue to be decided by the trier of fact on the basis of the preponderance of the medical and lay evidence. Lucas v. Insurance Company of North America, *301 342 So.2d 591, 595-597 (La.1977); Tantillo, 315 So.2d 743, 746-748; Williams v. Hudson East, 261 So.2d 629, 631 (La.1972). Plaintiff testified he spends much of his day in bed due to severe back pain. He can drive his car only on good days when his back is "not hurting bad." Mr. Bobby S. Roberts, plaintiff's vocational rehabilitation expert, noted that plaintiff, while being tested, could not sit long periods of time without moving and appeared to be in pain throughout the various tests performed.
Importantly, Mr. Roberts also stated plaintiff was a functional illiterate incapable of reading or writing proficiently. His motor skills were in the lower ten percent of the population on some tests and below minimum entry level requirements for a job. He found plaintiff incapable of doing heavy labor, sedentary work, or work that required lifting over ten pounds. In his opinion, plaintiff was "unemployable." Moreover, all physicians examining plaintiff advise against heavy stressful work; however, according to Mr. Roberts, due to his education, skills, and employment background, plaintiff does not have the capability to do anything other than heavy labor. Considering the evidence of pain and plaintiff's occupational capabilities, the record adequately supports plaintiff fits into the oddlot category and is totally permanently disabled. See, Wilson v. Ebasco Services, Inc., 393 So.2d 1248, 1252-1253 (La.1981).
ISSUE TWO
The second issue is concerned with the trial court's exclusion of defendant's vocational rehabilitation expert's opinion as to plaintiff's employment capabilities. This exclusion was proper as the opinion was based on an assistant's report which was not in evidence and was inadmissible hearsay. To decide otherwise, the court would be asked to accept as evidence the witness' opinion based upon a report which the court has no basis for finding truthful or accurate. See, McCormick on Evidence § 15, pp. 34-36 (2nd Ed.)
ISSUE THREE
The final issue is whether insurance coverage has been proven. In plaintiff's petition it is alleged that plaintiff was injured while working for Spartan Building Corporation, that Liberty Mutual Insurance Company was the worker's compensation insurer of Spartan, and that Liberty Mutual was liable in solido with Spartan. Liberty Mutual, in its answer to plaintiff's petition, admitted it issued a policy of worker's compensation insurance insuring Spartan and further stated the policy was a written instrument and spoke for itself. We find plaintiff has carried his burden of proving worker's compensation insurance coverage for the disability claimed by proving that he was employed by Spartan and that he was injured while working for Spartan and by Liberty Mutual's admission of carrying a policy of worker's compensation covering Spartan. See, Marshall v. Maselli, 291 So.2d 806, 807 (La.App. 4th Cir.1974). The admission that a worker's compensation policy had been issued to plaintiff's employer shifted the burden of proof to defendant, Liberty Mutual Insurance Company, to prove no liability exists under the acknowledged policy. Marshall, 291 So.2d 806, 807.
The cases cited by defendant Liberty Mutual in support of its contention that insurance coverage has not been proven are inapposite. Primarily, defendant Liberty Mutual relies on Turner v. Ewing, 255 La. 659, 232 So.2d 468, 471-472 (La.1970) for the proposition that an admission by the insurer that it has issued an insurance policy is not an admission of coverage. However, a careful reading of Turner indicates this is not the specific holding of the case. Turner involved a defendant driver's third party petition against an insurance company which carried insurance on automobiles owned by a car rental company. The defendant driver had rented an automobile believing he was insured by the third party defendant insurance company. Unlike the case at bar, no where in the third party petition was there an allegation made of policy coverage by the insurance company, and the third party plaintiff failed at trial to prove coverage by introducing the policy *302 into evidence. In this case, plaintiff specifically alleged worker's compensation coverage on the part of Liberty Mutual Insurance Company.
In Richardson v. Department of Highways, 345 So.2d 985, 986 (La.App.2d Cir. 1977), also cited by defendant Liberty Mutual, the defendant insurance company responded to plaintiff's petition (which alleged it was the insurance carrier for a named defendant) with a general denial. In the case at bar, however, the defendant insurer has admitted issuing a policy of worker's compensation to plaintiff's employer. Stewart v. Liberty Mutual Insurance Company, 315 So.2d 337 (La.App. 1st Cir.1975) and Earhardt v. Dermody, 242 So.2d 80 (La.App. 4th Cir.1970) are also distinguishable. In Stewart the defendant insurer in its answer denied all of plaintiff's allegations and consistently denied it was the liability insurer of the named insurer throughout the trial. Since no policy was produced at trial, the court was compelled to conclude plaintiff had failed to carry its burden of proof of insurance coverage. Stewart, 315 So.2d 337, 338. In Earhardt, the issue was whether there was insurance coverage because a defendant driver was either a member of the named insured household or had been given permission to drive the named insured's automobile. The court in Earhardt concluded plaintiff had not proven that actual permission was given or that the defendant driver was using the automobile with the named insured's permission. Therefore, the court concluded that insurance coverage was not proven. Earhardt, 242 So.2d 80, 82.
For the reasons assigned, the judgment in favor of Harold G. Pendleton and against Liberty Mutual Insurance Company is affirmed. The costs of this appeal are assessed against defendant-appellant Liberty Mutual Insurance Company.
AFFIRMED.
NOTES
[1] Plaintiff testified he was "paneling" walls while the testimony of the treating doctor was that he was "wallpapering." Throughout the trial, the testimony of various experts referred to wallpapering rather than to wall paneling. For purposes of this opinion, we will refer to his August activities as wall paneling.