CHEHARDY, Judge.
Plaintiff, Rufus Conley, instituted this suit for total and permanent disability benefits under the provisions of the Louisiana Worker’s Compensation Act against his employer, Avondale Shipyards, Inc.
Following trial on the merits, judgment was rendered in favor of defendant dismissing plaintiff’s suit. Plaintiff has appealed.
In this court appellant contends the trial court erred in failing to find he was injured in a work-related accident.
In a worker’s compensation case an employee must establish by a preponderance of the evidence that a work-related accident caused the injury. The testimony as a whole must show that the employment accident, more probably than not, caused the disability. Pendelton v. Spartan Bldg. Const. 432 So.2d 298 (La.App. 5th Cir.1983); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979).
From the confusing testimony, particularly that of plaintiff himself, it is apparent that the trial court had a difficult task, as do we, in arriving at a concise statement of fact.
The suit arose out of an incident which allegedly occurred sometime in June, 1981. Plaintiff, 30 years of age, was employed as a painter by defendant. He alleges that he injured his lower back while lifting a 5-gal-lon can of paint. He told the foreman that *808 he could not perform his work because his back hurt, but neglected to inform him what caused the backache. The foreman put him on light duty. He did not report an accident to the company doctor or nurse because he knew of no accident, and plaintiff did not seek medical assistance because he apparently needed none. At the trial it was disclosed that plaintiff was involved in motorcycle accidents in March and August 1981.
Plaintiff did not seek medical attention for his alleged injury until February 24, 1982, eight months after the accident, when he went to Dr. Charles Guidry. In reporting his medical history he disclosed one of the motorcycle accidents, but did not mention the paint can episode which forms the basis of this suit. In March 1982, Dr. Guidry operated on plaintiff to remove a ruptured disc.
Following plaintiffs discharge from the hospital, Dr. Guidry wrote a medical report relating plaintiff’s back problems to the motorcycle accident. Plaintiff then returned to the doctor to correct his medical history and for the first time told the doctor about experiencing back pain when he picked up a can of paint in 1981.
The doctor stated the ruptured disc could have been caused by lifting the can or by the motorcycle accidents.
It is also possible that plaintiff was involved in an additional automobile accident prior to the surgery. As we have noted, there are many conflicts in plaintiff’s testimony.
We agree with the finding of the trial judge. He states:
“A careful review of prior jurisprudence and R.S. 23:1021, et seq. leaves the Court with the conclusion that plaintiff has failed to carry his burden of proving by a preponderance of the evidence that he received personal injury by an accident arising out of and in course of his employment, that he is disabled, and that his disability resulted from injuries sustained in the work-related accident. Laughlin v. City of Crowley, 411 So.2d 708 (La.App.1982).
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.