GARRISON, Judge.
This is an appeal from a judgment in favor of defendant. New Orleans Public Service, Inc., dismissing plaintiff’s suit at her costs. The case was tried before a jury, but the jury was dismissed prior to entering a verdict. The judgment was rendered in accordance with a directed verdict granted in favor of defendant.
On appeal plaintiff argues that the trial court erred in granting a directed verdict because the defendant failed to move for a directed verdict and the trial court entered the verdict on its own motion.
C.C.P. Art. 1810 reads as follows:
“A. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
We find that plaintiff is correct in her argument. Civil Procedure Code Article 1810 specifies “a party”. The trial court cannot substitute its own motion therefor.
Additionally, we note that the trial court may not substitute its own credibility determinations for the jury’s credibility determinations in the instant appeal.
In Campbell v. Mouton, 373 So.2d 237 (La.App.3rd, 1979) our brethren on the Third Circuit bench stated:
“Making credibility evaluations is one of the primary duties of a jury and the trial court may not take this duty from the jury unless the party opposing the directed verdict has failed to produce sufficient evidence upon which reasonable and fair-minded persons could disagree. See Boeing Co. v. Shipman, supra; Dreiling v. General Electric Co., 511 F.2d 768 (5th Cir., 1975).” (at p. 240).
For the reasons discussed, the judgment of the district court is vacated, annulled and set aside and we remand the case for further proceedings consistent with this judgment.

ANNULLED, SET ASIDE AND REMANDED.