CIACCIO, Judge.
This is an action for damages for personal injuries arising out of an intersectional collision. Defendants answered the petition denying the plaintiffs’ allegations and pleading contributory negligence. The case was tried by jury and, at the conclusion of the evidence, closing arguments were made by opposing counsel concerning both liability and quantum. No motions for directed verdict were made by either trial attorney but the trial judge, on his own motion, granted a directed verdict in favor of the plaintiffs on the issue of liability, removing the issue of contributory negligence from the jury’s deliberations and limiting those deliberations to the issue of quantum. The jury awarded damages in the amount of $7,500 to Harold E. Schloegel, Jr., the plaintiff-driver and $1,000 damages to Samuel A. Schloegel, a guest passenger. The defendants filed a suspensive appeal. Appel-lees did not answer the appeal nor did they file a brief in these proceedings.
*367 The accident occurred on April 18,1980 at the intersection of St. Roch Avenue and Filmore Avenue. Defendant, Sallie Robinson, was proceeding South on St. Roch Avenue and, after passing the stop sign at the intersection of St. Roch and Filmore Avenues [1] drove her vehicle across two lanes of traffic and a small median ground to the east bound lane of Filmore Avenue where her vehicle was struck at the passenger door by a vehicle being driven on Filmore Avenue by plaintiff, Harold E. Schloegel, Jr. It is alleged that the collision caused injuries to plaintiff and his guest passenger which are the subject of this suit.
Following closing arguments by both attorneys on the issues of negligence, contributory negligence and damages, the trial judge, ex proprio motu, rendered a directed verdict in favor of plaintiff on the issue of liability over the objections of attorney for defendants.
The single issue presented for review is whether the trial judge erred in directing a verdict, ex proprio motu, in favor of the plaintiff on the issue of liability, when no motion for a directed verdict was presented by either party.
In removing the issue of liability from the consideration of the jury, the district court reasoned as follows:
“And in the charge conference, the Court indicated that had a directed verdict been made timely, the Court would have granted it on the issue of liability and contributory negligence.
When the closing argument was conducted by Mr. Barker, he judicially confessed his client’s negligence to the jury, and rightfully so because Mrs. Robinson — and I commend her — was very honest and admitted her own negligence. The question of contributory negligence, in my opinion, was effectively removed by the judicial admission by counsel on behalf of his client.
It was then at that point that the Court exercised judicial leadership or its judicial discretion to render a directed verdict on the question of liability. Therefore, the Court did have within its discretion the right to direct a verdict under the circumstances as I have set forth.
Again, had the plaintiffs made a motion for directed verdict, I would have granted it, but when the defendant confessed or admitted liability, it was incumbent on the Court to do that; to direct liability on its own motion.
The Court refers to the directed verdict case of Ragas vs. Argonaut — Southwest Insurance Company, 4th Circuit; January 10, 1980; 379 So.2d 822, which sets forth the standard. And all of the cases are directed verdicts I have followed, particularly the language in the most — in the case of Rawls vs. Damare, and certainly there was in that case where virtually no factual dispute exists. Credibility determinations by the jury are not required. In such a circumstance, questions of the existence of the duty — violation of that duty to the defendant, assumption of risk or contributory negligence of the plaintiff are legal questions within the province of the judge who acts within his discretion in rendering a directed verdict from the legal inferences to do so deduced from undisputed evidence.
This Court is absolutely convinced that the evidence is undisputed that Mrs. Robinson was negligent and the plaintiffs were not, and so directed its verdict, and the authorities are now before you to check.” (Tr. p. 338-340.)
We have reviewed the cases cited by the district court and we find that they do not address the procedural issue presented by this case. Rawls v. Damare, 377 So.2d 1376 (La.App., 4th Cir., 1979), writ. ref. 380 So.2d 72, and Ragas v. Argonaut Southwest Insurance Co., 379 So.2d 822 (La.App., 4th Cir., 1980), aff. 388 So.2d 707 (La., 1980), merely discuss the substantive legal issue of the standard to be utilized after a motion for a directed verdict is properly before the court. Rawls v. Damare, supra. In both of the above cited cases the motions for direct *368 ed verdicts were made by a party and not by the trial judge on his own motion.
The procedural issue, of whether a court may act on its own motion to direct a verdict, has been squarely addressed by this Court, in the decision of Pete v. New Orleans Public Service, Inc., 402 So.2d 807 (La.App., 4th Cir., 1981). In the Pete decision, the trial judge dismissed the jury and directed a verdict, on its own motion, in favor of the defendant. This Court vacated the trial court judgment and remanded the matter to the district court. The reasoning in that case was correct and we adopt it in this matter:
On appeal plaintiff argues that the trial court erred in granting a directed verdict because the defendant failed to move for a directed verdict and the trial court entered the verdict on its own motion. C.C.P. Art. 1810 reads as follows:
“A. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
The rationale of the Pete case is further supported by the fact that Code of Civil Procedure Article 1810, which gave rise to directed verdicts in civil cases, was derived from the Federal Rules of Civil Procedure, Rule 50(a). This Federal Rule likewise states that the motion for a directed verdict shall be brought by a “party.”
Therefore, it is the conclusion of this Court that the trial court erred when it acted ex proprio motu in rendering a directed verdict in favor of the plaintiff on the issue of liability.
For the reasons assigned, the judgment of the district court granting a directed verdict on its own motion is reversed, and the matter is remanded for further proceedings which are consistent with this judgment. Costs of this appeal are to be paid by the plaintiff.
REVERSED and REMANDED.

. This issue is in dispute. The defendant testified that she stopped for the stop sign. The plaintiff testified that it was his opinion that the plaintiff did not stop for the stop sign.