RFOGG, Judge.
In this action for damages for personal injuries, plaintiff, Johnny B. Ross, appeals from a judgment in favor of defendants, Baton Rouge Marine Institute, Inc. (“BRMI”) and Fidelity Casualty Company of New York.[1] The case was tried before a jury, but the jury was dismissed prior to entering a verdict. The judgment was rendered in accordance with a directed verdict[2] entered in favor of defendants, dismissing plaintiffs action.
This mafter arises from a one-vehicle accident which occurred on February 21, 1991. On this date, plaintiff was employed by BRMI as a driver. His duties as a driver included transporting students enrolled at BRMI from their residences in the Hammond and Ponchatoula areas to the school located in Baton Rouge. BRMI transported students in vans twice daily, delivering them to school in the morning and returning them *830 home in the afternoon. On the afternoon of February 21, 1991, plaintiff completed his route and was returning to BRMI. He was traveling westbound on Interstate 12 when the vehicle he was operating, a 1987 Ford van, went out of control, veered off the roadway and overturned, causing him severe injuries.
Plaintiff filed a claim for workers’ compensation benefits with regard to the injuries he sustained in the accident. In addition, due to the facts and circumstances surrounding the accident, plaintiff brought the instant suit alleging the actions of BRMI constituted an intentional tort sufficient to prevent immunity from tort liability afforded by workers’ compensation law.
A jury trial in this matter began on April 2, 1996. The ^following morning, at the close of plaintiffs evidence as to liability, the trial judge dismissed the action stating, “So while this is unusual, on my own motion at this point, I’m going to dismiss this lawsuit, ruling that the plaintiff has failed to convince the court, carry his burden, that this was an intentional tort.” Plaintiff appeals urging the trial court erred in entering a directed verdict because the defendants failed to move for a directed verdict and the trial court entered the verdict on its own motion.
LSA-C.C.P. art. 1810, which governs directed verdicts, reads as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion.for a directed verdict shall state specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
It is well established that a directed verdict may not be granted by the trial court ex proprio motu but may only be granted on the motion of one of the litigants. Bourgeois v. McDonald, 622 So.2d 684 (La.App. 4 Cir.), writ denied, 629 So.2d 1177 (La.1993); Scholegel v. Robinson, 416 So.2d 366 (La.App. 4 Cir.1982). No such motion was made by the defendants in this case,[3] and there is no authority for a trial court to enter such a motion on its own initiative. Therefore, we find that the trial court erred when it acted ex proprio motu in rendering a directed verdict in favor of the defendants. In light of this holding, appellant’s second and alternative assignment of error that the trial court erred in concluding that he did not present a prima facie case need not be addressed.
For the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded for further proceedings. Costs Lof this appeal are allocated to defendants, Baton Rouge Marine Institute, Inc. and Fidelity & Casualty Company of New York.
VACATED AND REMANDED.

. As the identity of BRMI's insurer was unknown at the time suit was filed, plaintiff's petition named the fictitious "ABC Insurance Company” as a defendant; subsequent discovery revealed Fidelity Casualty Company of New York was BRMI's insurer.

. The trial judge stated the dismissal was not based on a summary judgment, an involuntary dismissal, or a directed verdict; however, the parties concede, and we agree, that this action was a directed verdict as this is the only procedural device which can be employed to dismiss a claim once a jury trial has begun. See LSA-C.C.P. arts. 966, 1672 and 1810. Accordingly, we evaluate the action of the trial court in terms of a directed verdict.

. Defendants claim that a motion for directed verdict was discussed in chambers prior to the opening of court; however, the record before us does not contain any such motion.