BARNETTE, Judge.
Plaintiff, Clarence Willis is seeking to have an appeal of the Department of Highways dismissed as abandoned. Judgment was rendered in the trial court February 13, 1974, in favor of Willis and against the Department of Highways for some $15,000. The defendant, the Department of Highways, filed motion for and was granted, a suspensive appeal. The order was signed February 28, 1974. Plaintiff also filed a motion for suspensive appeal which was granted March 19, 1974, and made returnable on May 17, 1974.
Subsequently, the Clerk of the district court, stating he was unable to complete the record, filed, ex parte, six successive motions for extensions of the return date. The original return date was April 26, 1974 and the last order of extension was to *818 May 20, 1975, a total of 389 days. The record was lodged in this Court on May 20.
Plaintiff now seeks a dismissal for abandonment alleging that neither party “ . . . filed any pleadings or made any appearances seeking any extension of the return date or any other relief or action since plaintiff’s motion was granted on March 19, 1974.
The plaintiff contends that the above constitutes a failure of the parties to take any step in “prosecution or disposition” for over one year, and that for this reason the appeal should be considered abandoned under the provisions of LSA-C.C.P. arts. 561 and 2165 and Rule VII of the Uniform Rules of the Courts of Appeal.
LSA-C.C.P. 2165 provides the following:
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”
The part of article 561 pertaining to appeals reads exactly the same.
Rule VII, section 5 of the Uniform Rules of the Courts of Appeal provides that:
“The court may, ex proprio motu:
“(a) Consider as abandoned .and dismiss any appeal now or hereafter pending in which one year has elapsed without any steps having been taken in prosecution thereof, in accordance with the provisions of Articles 561 and 2165
The defendant cites C.C.P. art. 2127 and R.S. 13:4445 as applicable. The pertinent parts read as follows:
R.S. 13:4445
« * * *
“B. . . . When the appellant has paid the fees required . . . timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant.” and
C.C.P. art. 2127
“The clerk of the trial court shall have the duty of the preparing the record on appeal. * * * Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
Several cases have been cited by the defendant standing for the proposition that where the clerk fails to file the transcript on or before the return date, the appeal would not be dismissed in the absence of a showing that failure to timely lodge was due to any fault of appellant. This seems to be a correct statement of the law. However, the above contemplates a situation where the return date is past and for some reason the record was not lodged. Such was not the case here. In the instant case all the extensions were current and up to date when filed and granted and thus the lodging was timely, even though more than a year had elapsed. The clerk of court did everything required of him by the Code of Civil Procedure.
In a somewhat similar case, Louisiana Power and Light v. Lasseigne, 211 So.2d 136 (La.App. 4th Cir. 1968), writ refused, judgment not final, 252 La. 480, 211 So.2d 335 (1968), on the merits 255 La. 579, 232 So.2d 278 (1970), some pointed language by Justice Barham lends support to this holding:
“No action was taken by any party to the suit or any officer of a court from December 1, 1964, to February 20, 1968, when a motion for a rule to show cause why the record should not be lodged with the Court of Appeal was filed by *819 the defendants-appellants.” 232 So.2d at p. 280. (Emphasis added)
In Lasseigne, the motion to dismiss was finally granted by the Supreme Court on the merits. It was found that some of the later extensions, all of which were sought by the clerk, were filed after expiration of the last current extended return date, and that any action of the trial court thereafter upon such applications for an extension filed after the last extended return date is without legal effect. However, the Court went on to say that appeals are favored and that a motion to dismiss shall be granted only if the irregularity, error, or defect is imputable to the appellant. Such was found to be the case. The failure of the clerk to timely lodge the record was imputable to the defendants-appellants in that they failed to supply certain exhibits and pay costs, and under such circumstances, it is not incumbent upon the clerk to seek extended return dates.
In the instant case, all the extensions were timely filed by the clerk of the trial court. Nowhere in the record before us is there any indication that the delays were sought because of any action or inaction on the part of any of the parties. The record was timely lodged before expiration of the last extended return date.
For us to hold otherwise and allow dismissal would place an affirmative duty in such circumstances on the party wishing to sustain the appeal to mandamus the clerk in order to meet the codal requirements and interrupt the running of the one year. This would be a useless requirement solely for the sake of formality, for the clerk would, upon mandamus, always be able to show cause why he could not lodge the record since, presumably, he had had “good cause” for obtaining an extension of the return date.
Motion denied.