358 So.2d 349 (1978)
Frances Saltarelli, wife of Deceased Salvador E. GUTIERREZ, Sr.
v.
TRAVELERS INSURANCE COMPANY and Vinson Guard Service.
No. 9173.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
*350 Gutierrez & Hand, Salvador E. Gutierrez, Jr., New Orleans, for plaintiff-appellee.
Leach, Paysse & Baldwin, William G. Tabb, III, Michael A. Britt, New Orleans, for defendant-appellant.
Before REDMANN, GARSAUD and DeSONIER, JJ.
GARSAUD, Judge.
This workmen's compensation suit was filed by plaintiff, Frances Saltarelli, widow of Salvador E. Gutierrez, Sr., for widow's death benefits pursuant to R.S. 23:1231. Made defendants were decedent's employer, Vinson Guard Service, and its workmen's compensation insurer, Travelers Insurance Company. After a trial on the merits, the lower court gave plaintiff a lump sum award of $32,000 plus $1,500 funeral expenses and medical expenses of $1,592.77.
Among appellant's assignments of error is the following:
"The trial Court erred in allowing inadmissible hearsay testimony from the deceased's son (and plaintiff's attorney), and in refusing to require the sequestration of the deceased's son from the Court room during the course of trial over objections of counsel."
We are troubled by the circumstances which gave rise to this assignment of error, as these circumstances amount to more than simply a question of sequestration of the witness.
In this instance, the plaintiff's stepson and deceased's child, acted as plaintiff's counsel, while also testifying on her behalf as a substantial part of her case. When on the witness stand he was examined by his law partner.
Ethical Considerations 5-9 and 5-10 of our Code of Professional Responsibility state respectively:
"EC 5-9. Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."
"EC 5-10. Problems incident to the lawyer-witness relationship arise at different stages; they relate either to whether a lawyer should accept employment or should withdraw from employment. Regardless of when the problem arises, his decision is to be governed by the same basic considerations. It is not objectionable for a lawyer who is a potential witness to be an advocate if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue. In the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue, he may serve as advocate even though he may be a witness. In making such a decision, he should determine the personal or financial sacrifice of the client that may result from his refusal of employment or withdrawal therefrom, the materiality of his testimony, and the effectiveness of his representation in view of his personal involvement. In weighing these factors, it should be clear that refusal or withdrawal will impose an unreasonable hardship upon the client before the lawyer accepts or continues the employment. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate."
*351 Disciplinary Rules 5-101 and 5-102 state as follows:
"DR 5-101. Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

(A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.
(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
(1) If the testimony will relate solely to an uncontested matter.
(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."
"DR 5-102. Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
These rules are unequivocal and regardless of the good faith of the parties, they must prevail. We cannot permit rights to be adjudicated in the context of a violation, albeit unintentional, of the Code of Professional Responsibility, particularly where the provision in question deals with the interest of a client. The inconsistency here is too patent for extended comment. See 9 A.L. R.Fed. 500 at 520; In Re Rappaport, 558 F.2d 87 (2d cir. 1977).
With regard to the exception found in DR 5-101(B)(4), the critical question is whether the distinctive value of a particular lawyer or his firm as trial counsel is so great that withdrawal would work a substantial or other hardship upon the client. We assume that is the basis upon which the attorney herein would contend that his appearance was permissible. From the record before us, it would not appear that this exception can be availed of in this instance. Accordingly, as the plaintiff's attorney was the material witness for the plaintiff in this case, it is our opinion that his representation is inconsistent with the clear mandate of the Code of Professional Responsibility.
Mindful of the plaintiff's right to pursue an arguable cause of action, however, we remand the case for a new trial consistent with this opinion. As his testimony is crucial to plaintiff's case, Mr. Gutierrez ought to testify and plaintiff should retain counsel other than Mr. Gutierrez or his firm.
"Accordingly, the Code generally requires that a lawyer who ought to be a witness for the client should fulfill that function and should not diminish the value of his prospective testimony by also being the client's trial advocate. The *352 client's need for the testimony from a disinterested source and the client's entitlement to an advocate whose effectiveness cannot be impaired because of his advocate being a witness as to contested issues are the foundation of DR 5-102(A) and DR 5-102(B)." A.B.A. Formal Opinion 339 (1974); J. P. Foley & Co., Inc. v. Vanderbilt, 523 F.2d 1357 (2d Cir. 1975).
ANNULLED AND REMANDED.