SAMUEL, Judge.
This is a suit for personal injuries. Following trial, there was judgment dismissing plaintiff’s suit against remaining defendants. Plaintiff appealed and then filed a motion seeking permission to continue the prosecution of this action in forma pauperis.
On October 25, 1978, after a hearing on that motion, there was judgment allowing plaintiff to continue the prosecution of the matter “without the prepayment of costs as they accrue or to give security thereof”. However, the judgment further provided:
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that this Order does not pertain to the costs of the transcript of evidence produced during the course of the trial and, hence, plaintiff, Wayne Mackiewicz, is required to pay the cost of the transcript of the testimony and evidence recorded during the trial.”
Plaintiff then applied to this court for writs which we granted for the purpose of ascertaining the validity of that part of the judgment which, as quoted above, requires the plaintiff to pay the cost of the transcript and evidence adduced during the trial. That is the only matter now before us.
The law on the question is quite clear. In pertinent part .Code of Civil Procedure Article 5185 reads:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk or court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;” LSA-C.C.P. Art. 5185. (emphasis ours).
*389 We agree with plaintiff. The court is without authority to exclude any of the rights of a party permitted to litigate without the payment of costs. Permission to litigate in forma pauperis entitles the party so permitted to all the rights set out in Article 5185 until and unless such permission is rescinded. The above quoted portion of Article 5185 specifically states those rights include all services of the court reporter, the taking and transcribing of testimony, and the preparation of a record of appeal.
Accordingly, the writs applied for are made peremptory and the trial judge is now directed and ordered to furnish plaintiff with a transcript of the testimony taken during the trial and a record of appeal.

WRITS MADE PEREMPTORY.