GULOTTA, Judge.
Defendants-appellees[1] have moved to dismiss plaintiff's appeal on the grounds that “he has taken no action or steps in the prosecution of this appeal in more than two years and has failed to lodge the record of this case in this court. ...”
Following dismissal of his suit in the trial court, plaintiff appealed and filed a motion seeking permission to continue the prosecution of his action in forma pauperis. On October 25, 1978, the trial court allowed plaintiff to continue without prepayment of costs or security, but required him to pay the cost of the transcript of testimony and evidence recorded at trial. Plaintiff thereafter applied to this court for writs, and on May 4,1979 we held that he was entitled to litigate without the payment of any costs, including the preparation of the record for appeal. We ordered the trial judge to furnish plaintiff with the transcript of testimony and a record of appeal.[2]
Attached to defendants’ motion to dismiss is a copy of the trial court’s order of May 1, 1979, extending the return day for filing the transcript to May 31, 1979. This order, which was signed pending disposition of the aforementioned application for writs in this court, was based on the deputy clerk’s sworn statement that the testimony had not been transcribed by the court reporter awaiting ruling by this court on the plaintiff’s writ application. Also attached to defendants’ motion to dismiss is a sworn statement by the clerk of the trial court certifying that the order extending the re *315 turn date to May 31, 1979 was the last action taken in the matter. According to defendants, plaintiff has abandoned his appeal by more than two years inactivity in failing to see that the transcript was prepared and filed in the record or to take any action to insure that something was done to move his case forward on appeal.
We reject defendants’ contention. It is true that Rule 7, Section 5(a) of the Uniform Rules of this court provides that we may dismiss as abandoned any appeal in which one year has elapsed without any steps having been taken in the prosecution thereof, in accordance with LSA-C.C.P. arts. 561,[3] and 2165.[4] However, LSA-C. C.P. art. 2127 imposes the affirmative duty on the clerk of court to prepare the record on appeal and cause it to be lodged with the appellate court on or before the return day or any extension thereof, and provides that failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal. LSA-C.C.P. art. 2161 further provides that an appeal shall not be dismissed for irregularities, errors or defects unless they are imputable to the appellant.
There is no showing that the clerk’s failure to lodge the record in this court is imputable to plaintiff or due to his fault. Moreover, our ruling on the earlier writ application relieved the plaintiff from paying for the cost of the transcript and effectively placed the onus on the clerk of the trial court to prepare the record and lodge the appeal. As pointed out in Willis v. State Ex Rel. Louisiana Dept. of Highways, 321 So.2d 817 (La.App. 1st Cir. 1975), an appellant has no affirmative duty to mandamus the clerk in order to meet the requirements of the Code of Civil Procedure and interrupt the running of the one year period.
For the foregoing reasons, the motion to dismiss the appeal is denied.

MOTION DENIED.

. George Blanco, Ray Tinnin, A1 Yeager, Robert Mitchell, John Todd, Gary Schegel, and The Continental Insurance Company.

. Docket No. 10,364 of this Court. 371 So.2d 388.

. LSA-C.C.P. art. 561 reads as follows:
“Art. 561. Abandonment in trial and appellate court.
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year. As amended Acts 1966, No. 36, § 1.”

. LSA-C.C.P. art. 2165 reads as follows:
“Art. 2165. Appeals deemed abandoned.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year. As amended Acts 1966, No. 36, § 1.”