SCHOTT, Judge.
Appellees have moved to dismiss these appeals on the ground that they have been abandoned by appellants pursuant to C.C.P. Arts. 561 and 2165 and former Rule VII, Section 5 Uniform Rules — Courts of Appeal, because of their failure to take steps in the prosecution of the appeals for over one year.
At the outset we note that the motion filed on November 10, 1982, does not take cognizance of the amendments to these articles by Act 186 of 1982, which became effective on September 10 or the revised Uniform Rules which became effective on July 1, 1982. In any event, this is a case whose record is still being processed in the trial court and has never been lodged here even though the appeals were taken in September and October, 1980.
Because of this unusual delay in the trial court’s preparation of the record we ordered the clerk of the trial court to provide us with a chronological summary of developments in the case as an aid to us in considering appellees’ motion. This report shows that appellants complied with LSA C.C.P. Art. 2126 by paying the estimated costs on November 11, 1980 but the court reporter has never filed the transcript. As in Mackiewicz v. Westinghouse Elec. Corp., 402 So.2d 314 (La.App. 4th Cir.1981), there is no showing that the clerk’s failure to lodge the record in this court is imputable to the appellants and, therefore, no basis for a dismissal of the appeals.
We recognize the quandary in which appellees have been placed. However, the complaint is more properly directed against the court reporter than toward the dismissal of the appeal. Court reporters may be subject to contempt proceedings, or to damages for unreasonable and unnecessary delays, or both. They are not immune from liability for negligence which causes damages to others.
Finally, we are painfully aware that this situation reflects discreditably on the judicial system and points up a pressing need for reform in the area of court reporter accountability. It behooves all of us in the system to devise improvements which might prevent or at least lessen the chances for such a situation to develop in the future and which might insure financial accountability of court reporters to litigants who have been damaged by their conduct.
The motion is denied.
MOTION DENIED.