This is before us on plaintiff’s application for writs directed to the trial court’s disqualifying Mr. Gerald A. Stewart as plaintiff's counsel. One of the principal issues in this case is the amount of fees plaintiff was required to pay other lawyers, and particularly Mr. Stewart, for work he would have done himself except for his injuries. Since his testimony will be crucial to plaintiff’s case, it seems clear that Mr. Stewart “ought to be called as a witness” in the sense that the best interests of his client require it so that the general withdrawal rule of DR 5-102 applies. Gutierrez v. Travelers Ins. Co., 358 So.2d 349 (La.App. 4th Cir.1978). However, the question is whether one of the exceptions set forth in DR 5-101(B) justifies the failure to withdraw.
*752 According to the writ application exceptions (1) and (2) apply because there is no question about the amount of money paid by plaintiff to Mr. Stewart, said amount having been established by joint accountings. On the other hand, defendants assert that they will vigorously contest the amounts paid to Mr. Stewart and the reason for the payments. The trial judge is keenly aware of the issues to be resolved in this case and is in a superior position to know whether Mr. Stewart’s testimony will relate to an uncontested matter or to a matter of formality. Based on the application and response we are not persuaded that the trial judge erred in failing to conclude that exceptions (1) and (2) of DR 5-101(B) apply.
As to exception (4) of DR 5-101(B) the trial judge must exercise his discretion in deciding' whether the hardship involved in plaintiffs employing replacement counsel is substantial “because of Mr. Stewart’s distinctive value,” as his lawyer in the case. The court’s decision must be made in the light of defendants’ announced plan to invoke the provisions of C.C.P. Art. 1631 mandating a separation of Mr. Stewart as a witness and involves a weighing of the hardship imposed on plaintiff against the policy provisions of EC 5-9 and EC 5-10 which disapprove the lawyer’s assuming the position of witness in behalf of his client.
Art. 1631 gives defendants an absolute right to sequester Mr. Stewart which will prevent him from participating in the trial. EC 5-9 and EC 5-10 explain that our system of justice is subverted if the lawyer who is an advocate for his client assumes the position of a witness who is to provide the court with objective truth and whose credibility should not be championed by himself in his adversary capacity. The seriousness of compliance with EC 5-9 and EC 5-10 is best demonstrated by reference to this court’s action in the Gutierrez case where a workers’ compensation judgment was annulled because the plaintiff’s lawyer testified in the case. In deciding the case the court made the following comments at page 351:
“These rules are unequivocal and regardless of the good faith of the parties, they must prevail. We cannot permit rights to be adjudicated in the context of a violation, albeit unintentional, of the Code of Professional Responsibility, particularly where the provision in question deals with the interest of a client. The inconsistency here is too patent for extended comment.”
The importance of compliance with these ethical considerations is also shown in Bordelon v. Safeway Ins. Co., 380 So.2d 1379 (La.App. 3rd Cir.1980).
The trial court is once again in a superior position to know how much hardship is involved in plaintiff's getting a replacement lawyer at this point. The trial court can better weigh Mr. Stewart’s value as the lawyer because of his long involvement in the case against the difficulty of bringing in a replacement at this stage. The trial judge has been with this case since its inception. He is familiar with the issues having personally handled preliminary and interlocutory matters to the point where the case is now ready for trial. Considering the application and response we are not persuaded that he erred in- deciding that the protection afforded plaintiff by DR 5-101(B)(4) must give way to the ethical considerations discussed above.
Finally, plaintiff must assume some responsibility for his predicament. As a lawyer himself he is charged with the knowledge of the Code of Professional Responsibility and should have anticipated that this problem might arise. While he contends that joint accountings and discovery have rendered the issue of the amounts paid to Mr. Stewart as “uncontested” the very fact that such accountings and discovery took place at all establishes that it was, at least at the inception of the litigation, a contested issue. Thus, plaintiff assumed the risk that he might be forced to replace Mr. Stewart with other counsel if his testimony could not be dispensed with by stipulation or otherwise.
The application is denied.