503 So.2d 694 (1987)
SUCCESSION OF Mary Savant LaSALLE, Plaintiff-Appellee,
v.
Josephine Singleton CLARK and Dianne Savant Brown, Defendants-Appellants.
No. 86-290.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Writ Denied May 8, 1987.
*695 Frank Granger, Lake Charles, for defendant-appellant.
Francis E. Mire, Lake Charles, for defendant-appellant.
Michael R. Cagle, Offices of Thomas W. Sanders, for plaintiff-appellee.
Before GUIDRY, STOKER, and LABORDE, JJ.
LABORDE, Judge.
Appellants, Josephine Singleton Clark and Dianne Savant Brown, appeal the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, in which the trial judge sustained appellee's,[1] Francis E. Mire's, peremptory exception of prescription and denial of appellants' motion for a new trial. Finding no error in the decision of the trial court, we affirm.

FACTS
Mary Savant LaSalle died testate on December 17, 1982. She was survived by her spouse, Morgan Tomain LaSalle, and her two children, Josephine Singleton Clark and Dianne Savant Brown. On June 8, 1983, her succession was opened and on June 27, 1983, all legatees were sent into possession of her property by judgment of possession.
On December 12, 1983, Morgan Tomain LaSalle (hereinafter referred to as "LaSalle") filed a petition claiming that certain property classified as separate property and bequeathed to the appellant, Josephine Singleton Clark, was community property of which he is entitled to a one-half (½) ownership interest. LaSalle alleges in his petition that "[t]he tract of land ... was purchased by Mary LaSalle, born Savant, on September 26, 1967, during the existence of the valid and legal marriage to Morgan Tomain LaSalle and said property belongs to the community of acquets and gains existing between Morgan Tomain LaSalle and Mary LaSalle, born Savant." LaSalle attaches in support of his position a copy of the certified copy of the marriage license showing the date of marriage as November 22, 1963.
An answer to the petition was filed by the appellants on January 5,1984. On May 13, 1985, the appellants amended their answer to include Francis E. Mire, notary public, as a third party defendant. The basis of the appellants' action was an assumption deed prepared by Mire on September 26,1967, which he signed as notary, *696 which declared Mary Savant to be an "unmarried woman."
On May 28, 1985, Francis E. Mire filed a "plea of prescription" claiming that the action of the appellants against him has prescribed by liberative prescription of one year. The exception was heard and judgment was rendered on October 22, 1985, sustaining the exception and dismissing all demands against Francis E. Mire. Appellants then petitioned the court for a new trial. By written reasons, the district judge denied the motion. From the judgment on the exception of prescription, the appellants timely perfected this appeal.
In written reasons, the trial judge held that the failure of a notary public to accurately describe the marital status of the vendee of immovable property as required by the statute was an error which constituted negligent behavior resulting in the application of the one year tort prescriptive period. The trial court further held that the prescriptive period begins to run from the date the appellants were put on notice that a defect existed in the assumption deed.
The trial judge relied partly on Anderson v. Hinrichs, 457 So.2d 225 (La.App. 4th Cir.), writ denied, 462 So.2d 196 (La.1984), in which an action was brought against a notary for his failure to timely record an act of sale and in his delay in delivering a title insurance policy. In Anderson, the court held that the applicable prescriptive period for a notary's breach of his obligation to record an act of sale is one year.
The appellant contends that the trial court improperly applied the one year prescriptive period to a notary, while acting primarily in a notarial capacity, who expressly warranted a specific result such as "title to property." Anderson, 457 So.2d 225. The appellant cites Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La. App. 1st Cir.1983), for the proposition that where an attorney expressly warrants a particular result, such as "guaranteeing title to property or guaranteeing awards of ultimate legal effect of his work product," that the ten year prescriptive period will apply. The appellants reason from this that Francis E. Mire, in his capacity as a notary public, warranted the title to the immovable property and that his services were rendered for a specific result.
We do not agree with the appellants' position that the notary public guaranteed title or warranted a specific result. Furthermore, while appellant may have been acting solely in his notarial capacity, the jurisprudence dealing with legal malpractice is relevant and controlling. Anderson, 457 So.2d at 226. In the instant case, the error of the notary public was the preparation of a defective deed, being defective in that it did not accurately describe the marital status of the vendee of immovable property. Only where an attorney expressly warrants a specific result, and fails to obtain that result, or agrees to perform certain work and does nothing whatsoever, does the ten year contractual prescriptive period provided by LSA-C.C. art. 3499 apply. Cherokee, 428 So.2d at 996. In Anderson, as in the instant case, the breach of duty owed to a client would[2] constitute negligent behavior, which is governed by the one year prescriptive period found in La.C.C. art. 3492.
We therefore hold that the trial court was correct in ruling that the negligence of the notary in performing his professional duties was in tort and that the liberative prescription of one year is applicable.
The appellants next contend that prescription does not begin to run until there is a final judgment adverse to the determination of their property rights.[3] *697 The appellants argue that the one year prescriptive period could not begin to run until they had suffered damage in the form of adverse judgments in pending lawsuits. Demery v. Voelker, 216 So.2d 328 (La.App. 4th Cir.1968). The appellants premise their argument on Hero Lands Co. v. Borello, 459 So.2d 658 (La.App. 4 Cir.1984), in which the court held:
"The cited cases were actions for legal and notarial malpractice in which the plaintiffs allege that the defendants' neglect had caused him to lose certain property rights. In both cases, however, when the malpractice suits were filed, other litigation was still pending to decide whether plaintiffs had any ownership rights to the property involved. This Court concluded in both Marchand [v. Miazza, 151 So.2d 372 (La.App. 4th Cir.1963)] and Demery that the one year prescriptive period for the malpractice suits could not commence until plaintiffs had suffered damage in the form of adverse judgments in the separate pending lawsuits. To hold otherwise, we noted in the cited cases, would place the plaintiffs in the untenable position of having causes of action that was premature one day, yet prescribed the next."
Id. at 661.
In the instant case, the appellants argue that since damage would not occur until it can be shown that the petitioner, Morgan Tomain LaSalle, would gain his property rights, that prescription would not run against the notary. The appellants argue that prescription does not begin to run until there is knowledge of the action and that damage has accrued. Henderson v. Diamond Datsun, Inc., 413 So.2d 542 (La.App. 4th Cir.1982).
After a careful review of the record and jurisprudence in this area, we disagree with the appellant. The district court held that "the damage, if any, to the third party plaintiffs, [appellants] heirs of the deceased vendee in the deed, occurred upon the death of their mother on December 17, 1982."[4] The district court relied upon Rayne State Bank v. National Union Fire Ins. Co., 469 So.2d 409 (La.App. 3d Cir.1985), the leading case in this circuit at the time the instant case was decided, in which the court held that prescription began to run from the date the appellant was damaged and had knowledge of the defects in the mortgage, and not from the date a court rules the mortgages defective in the future. In 1986, the supreme court granted writs in Rayne, 475 So.2d 346, and reversed portions of the appellate court decision. In Rayne, 483 So.2d 987 (La.1986), the court held that prescription on a claim for legal malpractice against an attorney who prepared allegedly defective mortgages did not commence to run until a bankruptcy suit in which the bank was forced to defend was filed. In addressing the issue of damages the Louisiana Supreme Court in Rayne, 483 So.2d at 995, stated:
"In Louisiana prescription does not begin to run until damage is sustained. The tort prescription provisions in former C.C. 3537 were reenacted without substantive change in 1984 as C.C. 3492. C.C. 3537 provided that the one year prescriptive period for delictual actions runs "from [the day] on which the injurious words, disturbance, or damage were sustained."
Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period. The reason is clear. In order for the prescriptive period to commence, the plaintiff must be able to state a cause of actionboth a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act. Thus, until damage was "sustained" by the bank, it had no cause of action, and prescription did not commence *698 to run on the date the bank received notice of possible fatal defects in the mortgages." (Citations omitted.)
In conclusion, the court held that prescription commenced to run from the date that adversary proceedings were filed in bankruptcy court, and not from the date the bank had notice that defective mortgages were drafted.
In Rayne, as in the instant case, damage was sustained by the appellants when suit was filed against them. In the case sub judice, on December 12, 1983, appellants were obligated to defend against the suit or lose any rights which they may have in the disputed property. Prescription of their claim against the appellee, Francis E. Mire, as the notary who allegedly prepared the defective assumption deed, commenced to run when the appellants were sued since it was at that time the appellants were forewarned that if LaSalle prevailed, the appellants would suffer a loss. Monceaux v. Bernauer, 498 So.2d 1173 (La.App. 3d Cir.1986); Allain v. First Guaranty Bank, 491 So.2d 60 (La.App. 1st Cir.), writ denied, 494 So.2d 1179 (La.1986). It was at this point the appellants suffered damage. Since the appellants did not file their third party demand against Francis E. Mire until May 13, 1985, more than one year later, their action has prescribed.
For the above and foregoing reasons, the judgment of the trial court which granted the peremptory exception of prescription filed by the appellee, Francis E. Mire, is affirmed. Appellants are to pay all costs of this appeal.
AFFIRMED.
STOKER, J., concurs and assigns written reason.
STOKER, Judge, concurring.
I fully concur in the majority opinion which decides the prescription issue based upon the assumption that, for the purpose of deciding the case, a cause of action was stated by plaintiffs against Francis E. Mire. The majority opinion makes it clear that we express no opinion on the merits of the case. In footnote 4 the majority notes that we do not decide whether or not plaintiffs have stated a cause of action. I wish to state for my own part that I do not think that a cause of action was stated. If one was stated, however, it has prescribed for the reasons stated in the majority opinion.
NOTES
[1] Francis E. Mire became a defendant when the appellants filed a third party demand against him after they had been made defendants within the succession proceedings. Mire allegedly prepared a defective assumption deed as a notary public for the deceased, Mary Savant LaSalle.
[2] To state the obvious, we do not pass on the merits of the delict.
[3] The appellant cites Succession of Killingsworth, 270 So.2d 196 (La.App. 1st Cir.1972), affirmed in part, reversed in part, 292 So.2d 536 (La.1974), in which the Supreme Court held that the applicable prescriptive period in a suit by legatees against the notary who improperly prepared a will which was declared invalid resulting in the loss of their legacies did not begin to run until there was a final judgment decreeing the will to be invalid. The court did not rule whether the one year or ten year prescriptive period applied by holding the will to be a third party beneficiary contract subject to a ten year prescriptive period. Although Killingsworth is somewhat similar, it does not address the issue before us, the negligence of a notary in the preparation of a defective assumption deed.
[4] Because we affirm the decision of the trial court, we need not upon our own motion address the issue of No Cause of Action. Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982); McGee v. Demery, 176 So.2d 679 (La.App. 4th Cir.1965), writ refused, 248 La. 418, 179 So.2d 16 (1965).